# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

INTERESTED TERMINATED
PROBATIONARY EMPLOYEES -
USDA,

DOCKET NUMBER
CB-1205-25-0030-U-1

Petitioners,

v.

OFFICE OF PERSONNEL
MANAGEMENT,

DATE: June 18, 2026

Agency,

and

DEPARTMENT OF AGRICULTURE,

Agency.

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, Ricardo Pitts-Wiley, Esquire,
Joanna Friedman, Esquire, and Heather White, Esquire,
Washington, D.C., for the petitioners.

D. Black, Esquire, Eyana Esters, Esquire, Michele Bloom, Esquire,
Allison Kidd-Miller, Esquire, and Alex Ehler, Esquire,
Washington, D.C., for the Office of Personnel Management.

Steven C. Brammer, Esquire, and Domiento C.R. Hill, Esquire,
Washington, D.C., for the Department of Agriculture.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member


**FINAL ORDER**

The petitioners, interested probationary employees terminated from the U.S. Department of Agriculture (USDA), request that the Board review under 5 U.S.C. § 1204(f) whether 10 Federal agencies, including USDA, invalidly implemented Office of Personnel Management (OPM) regulations when they terminated the petitioners and thousands of similarly situated employees during their probationary periods on and shortly after February 14, 2025.[2]  For the reasons discussed below, we DENY the request for regulation review.

**BACKGROUND**

On January 20, 2025, OPM issued a memorandum to agency heads directing them to identify "all employees on probationary periods, who have served less than a year in a competitive service appointment, or who have served less than two years in an excepted service appointment" and to "promptly determine whether those employees should be retained at the agency."  Request File (RF), Tab 1 at 18-20. On January 28, 2025, OPM sent an email to all Federal employees titled "Fork in

---

[2] The request for regulation review was submitted on behalf of 55 interested individuals who were terminated during their probationary periods from 1 of 10 employing agencies: Department of Commerce, Department of Energy, Department of Health and Human Services, Department of Homeland Security, U.S. Agency for International Development, Department of the Interior, Department of Transportation, Department of the Treasury, Department of Veterans Affairs, and Department of Agriculture.  Request File (RF), Tab 1 at 1, 15-16.  The Board grouped the interested individuals by employing agency and docketed separate requests for regulation review for each group, resulting in a separate regulation review request for each agency alleged to have invalidly implemented the regulations. *See* RF, Tab 2 at 1.  The instant request, *Interested Terminated Probationary Employees – USDA v. OPM and USDA*, MSPB Docket No. CB-1205-25-0030-U-1, has been docketed on behalf of interested individuals terminated from USDA, as identified by Exhibit 1 of the request for regulation review.  *Id.*; RF, Tab 1 at 15-16.

the Road," offering a "deferred resignation" program and stating that "the majority of federal agencies are likely to be downsized," including through reductions in force and furloughs. *Id.* at 22-24. Approximately 2 weeks later, on February 14, 2025, the Chief Human Capital Officers (CHCO) Council emailed the agency CHCOs and Deputy CHCOs, stating that "[w]e have asked that you separate probationary employees that you have not identified as mission-critical no later than end of the day Monday, 2/17" and attaching a template letter. *Id.* at 5, 26-27. According to the petitioners, "[b]eginning that very day, February 14, 202[5], upon receipt of this email, agencies terminated the interested persons and thousands of similarly situated probationers." *Id.* at 6. The petitioners noted that the termination notices were all similar and cited, as examples, notices from four different agencies issued from February 14-20, 2025. *Id.* at 6-9.

On March 7, 2025, the petitioners filed the instant request for regulation review, arguing that the agencies, including USDA, invalidly implemented OPM regulations at 5 C.F.R. §§ 315.803(a), .804(a) in conducting the government-wide probationary terminations. RF, Tabs 1, 17. These provisions, as they existed at the time of the challenged terminations, provided:[3]

> The agency shall utilize the probationary period as fully as possible to determine the fitness of the employee and shall terminate his or her services during this period if the employee fails to demonstrate fully his or her qualifications for continued employment.

5 C.F.R. § 315.803(a);

> Subject to § 315.803(b), when an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall

---

[3] On April 24, 2025, President Trump issued Executive Order 14284 declaring the regulations at 5 C.F.R. part 315, subpart H, which includes 5 C.F.R. §§ 315.803-.804, "inoperative and without effect." Exec. Order No. 14284, Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 17729 (Apr. 24, 2025). OPM formally eliminated these provisions by final rule on June 24, 2025. Strengthening Probationary Periods in the Federal Service, 90 Fed. Reg. 26727-01, 26729 (June 24, 2025).

> terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct.

5 C.F.R. § 315.804(a).

The petitioners argue that the agencies violated these provisions by: (1) failing to conduct the individualized assessments required by 5 C.F.R. § 315.803(a) to determine whether each probationary employee "fail[ed] to demonstrate fully his or her qualifications for continued employment"; and (2) terminating probationary employees for reasons not permitted under 5 C.F.R. § 315.804(a)—namely, to downsize the Federal workforce, rather than for an individual's "work performance or conduct during this period [that] fails to demonstrate his fitness or his qualifications for continued employment." RF, Tab 1 at 4-6, Tab 17 at 7-13. The petitioners further argue that the en masse termination of probationary employees amounted to an unlawful reduction in force (RIF), taken without regard to the requirements of 5 C.F.R. part 351. RF, Tab 1 at 4-8. Lastly, they argue that the agencies' actions constituted a prohibited personnel practice under 5 U.S.C. § 2302(b)(12).[4] *Id.* at 9-10.

In opposition to the petitioners' request for regulation review, OPM argues that the request must be dismissed for lack of jurisdiction or, in the alternative, for failure to meet the Board's prudential criteria for review.[5] RF, Tab 13. USDA incorporates OPM's arguments by reference and additionally argues that the

---

[4] Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to take personnel action that violates a law, rule, or regulation implementing, or directly concerning, a merit system principle. The petitioners assert that 5 C.F.R. §§ 315.803-.804 and 5 C.F.R. part 351 are regulations that directly concern the merit system principles, including 5 U.S.C. § 2301(b)(5) ("The Federal work force should be used efficiently and effectively"); (b)(6) ("Employees should be retained on the basis of the adequacy of their performance, inadequate performance should be corrected, and employees should be separated who cannot or will not improve their performance to meet required standards"); and (b)(8)(A) ("Employees should be (A) protected against arbitrary action, personal favoritism, or coercion for partisan political purposes").

request for review must be dismissed as to the three named interested individuals because one was reinstated with back pay and benefits, one accepted the Deferred Resignation Program 2.0 (DRP 2.0) and waived all claims against USDA, and one was never employed by USDA. RF, Tab 14. The petitioners concede that "it appears" USDA has canceled the challenged probationary terminations and provided all the relief they were seeking. RF, Tab 17 at 4-5.

## ANALYSIS

Under 5 U.S.C. § 1204(f), the Board has original jurisdiction to review rules and regulations issued by OPM and to declare such provisions invalid on their face or invalidly implemented by any agency. *Tabradillo v. Office of Personnel Management*, 93 M.S.P.R. 257, ¶ 3 (2003). The Board will declare a regulation "invalidly implemented by any agency, if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to violate section 2302(b)." 5 U.S.C. § 1204(f)(2)(B).

The petitioners seek regulation review pursuant to 5 U.S.C. § 1204(f)(1)(B), which provides that an "interested person" may request regulation review. The term "interested person" has not been defined in the statute or in the relevant

---

[5] The Office of Special Counsel (OSC) submitted an amicus brief recommending that the Board deny the petitioners' request for review. RF, Tab 7. The petitioners moved to strike the amicus brief because OSC lacked the authority to submit the brief under 5 U.S.C. § 1212(h)(1) and was not invited to submit it by the Board. RF, Tab 8. We agree that OSC does not have a statutory right under section 1212(h)(1) to submit an amicus brief in this administrative proceeding. *See* 5 U.S.C. § 1212(h)(1) (providing that OSC has the right to appear as an amicus curiae "in any action brought in a *court* of the United States related to section 2302(b)(8) or (9)" (emphasis added)). In addition, OSC's amicus brief is not permitted under the Board's regulations because the Board did not request it, and OSC did not request (or receive) permission to submit an amicus brief. *See* 5 C.F.R. § 1203.13(b)-(c) (providing that, in a request for regulation review, the Board will consider pleadings in addition to the request, a response to the request, a reply, motions, and oppositions to those motions, "only if the Board requests them, or if it grants a request that it consider them."). Accordingly, we do not consider OSC's amicus brief.

regulations. *Jones v. Office of Personnel Management*, 107 M.S.P.R. 115, ¶ 8 (2007); 5 C.F.R. §§ 1203.1-.22. However, the Board has interpreted the plain meaning of that term to signify that the petitioning person must have an interest in having the Board review the regulation or rule in question because it has some applicability to him or her. *Jones*, 107 M.S.P.R. 115, ¶ 8. Thus, the question of whether a petitioner is an "interested person" is a "standing" issue. *Id.*, ¶ 9 (citing *Senior Executives Association v. Office of Personnel Management*, 67 M.S.P.R. 643, 648 (1995)).

As noted above, USDA argues that the petitioners' request for regulation review must be dismissed because the named interested individuals were fully reinstated with back pay, accepted DRP 2.0 and waived all claims against the agency, or were never employed at USDA. RF, Tab 14. In reply, the petitioners acknowledge that, based on declarations provided by agency officials in *Maryland v. U.S. Department of Agriculture*, No. 25-cv-00748 (D. Md.), "it appears these agencies [including USDA] have all rescinded the terminations of probationary employees done *en masse* on or shortly after February 14, 2025." RF, Tab 17 at 4-5. The petitioners note that the USDA official's district court declaration states that USDA has reinstated the 5,714 terminated probationary employees. *Id.* at 5 n.5. Additionally, the petitioners concede that, "to the extent the agencies have rescinded in full the terminations of probationary employees executed *en mass* [sic] on or shortly after February 14, 2025, the agencies have provided the relief sought in the [request for regulation review]." *Id.* at 13.

Since the record reflects, and the parties appear to agree, that the probationary terminations underlying this request for regulation review have been rescinded, the alleged invalid implementation of the regulations is no longer applicable to the previously terminated petitioners. Additionally, USDA argued without contradiction that the third named interested individual allegedly terminated from USDA was never an agency employee. In light of these showings, the petitioners do not qualify as "interested person[s]" entitled to request Board

review of OPM's regulations under 5 U.S.C. § 1204(f)(1)(B). We therefore find that petitioners do not have standing to request regulation review in this case, and their petition must be denied on that basis. *Cf. Jones*, 107 M.S.P.R. 115, ¶ 8.

## ORDER

The petitioners' request for regulation review is denied. Title 5 of the Code of Federal Regulations, section 1203.12(a) (5 C.F.R. § 1203.12(a)).

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.